# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **TWO GUYS RECYCLING, LLC** | * | **CIVIL ACTION NO. 11-0048** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WILL TRANSPORT, INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss counterclaim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant-in-counterclaim, Two Guys Recycling, LLC. [doc. # 9]. For reasons explained below, it is recommended that the motion be **GRANTED**.

## Background

On January 17, 2011, Two Guys Recycling, LLC ("Two Guys") filed the instant complaint against defendant Will Transport, Inc. ("Will Transport") pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Plaintiff alleges that on January 15, 2010, it delivered 13 skids/boxes of automotive parts to Will Transport for delivery to American Catcon, Inc. in Buda, Texas, and received a bill of lading, in return. (Compl., ¶¶ 5-6). Unfortunately, when the cargo arrived at Buda, Texas, the total weight of the parts was 2,021 pounds less than when it left Dothan, Alabama. *Id*., ¶ 8. The market value of the shortage was calculated at $10 per pound. *Id*., ¶ 9.

Following an investigation, the authorities arrested and charged Will Transport's truck

driver with theft of some of the parts in the shipment. *See* Compl., ¶ 11. Ultimately, 567 pounds of the missing cargo was recovered, leaving a net shortage of 1,454 pounds, valued at $14,540. *Id*., ¶¶ 12-13. Despite amicable demand, Will Transport declined to compensate Two Guys for the shortage. *Id*., ¶¶ 14-15. Accordingly, Two Guys filed the instant suit against Will Transport seeking judgment for their loss, plus interest, costs, and disbursements. *Id*., Prayer.

On February 22, 2011, Will Transport filed its answer to the complaint, asserting, *inter alia*, that this court lacks jurisdiction, and alternatively, that venue is improper, because Two Guys previously filed a state court suit that advanced the same cause of action. (Answer). Will Transport also asserted a counterclaim against Two Guys and filed a third-party demand against Bayou State Transportation Co., L.L.C. ("Bayou"). *Id*.

Will Transport contends that Two Guys and Bayou were required to declare that the value of the cargo exceeded $50,000. (Answer, ¶ 23). Had they done so, Will Transport asserts that it then would have purchased additional insurance, and utilized more stringent security procedures. *See* Answer, ¶¶ 25-26. The counterclaim concludes that because Two Guys is "indebted" to Will Transport, the counter-claimant is entitled to "off-set any liability or damage" that it might owe Two Guys. *Id*., ¶ 28.

On March 15, 2011, Two Guys filed the instant motion to dismiss the counterclaim for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). On April 6, 2011, Will Transport filed its response to the motion to dismiss. Movant filed its reply memorandum on April 14, 2011. The matter is now before the court.

### Subject Matter Jurisdiction

In its answer, Will Transport questioned the court's jurisdiction. Because subject matter jurisdiction is required to reach the merits of a case, the court addresses this issue first. *See*

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007).

The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Thus, in this case, the jurisdictional burden rests with original plaintiff, Two Guys, which relies upon federal question jurisdiction, 28 U.S.C. § 1331, pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. (Compl., ¶ 3).

A party appropriately invokes federal question jurisdiction when the complaint pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)). A complaint seeking relief under the Carmack Amendment confers federal subject matter jurisdiction. *See Continental Ins. Co. v. Saia Motor Freight Line*, 210 Fed. Appx. 381 (5th Cir. 2006) (unpubl.).[1] Furthermore, venue is proper in this district. 28 U.S.C. § 1391(b) (Will Transport resides in Monroe, Louisiana) (Compl., ¶ 2).

### 12(b)(6) Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state

---

[1] Albeit, plaintiff could have filed a claim for relief under the Carmack Amendment in state court. *See* 49 U.S.C. § 14706(d) (authorizing suit to be brought in federal *or* state court). To the extent that Will Transport intended to argue that the prior state court suit *precludes* Two Guys from prosecuting a subsequent action against the same defendant, it neither invoked nor established the requirements for *res judicata*. *See Hoffart v. Wiggins*, 2010 WL 5416802 (5th Cir. Dec. 22, 2010) (unpubl.) (discussing elements of *res judicata*).

a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Rule 8(a) applies to counterclaims. *See Lee v. Morial*, 37 Fed. Appx. 88, *4 n10 (5th Cir. Apr. 26, 2002) (unpubl.)

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-153 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised

4

upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). Nonetheless, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

## **Discussion**

Two Guys contends that the counterclaim consists of "nonsensical legal conclusion[s]," unsupported by facts. (M/Dismiss, Memo., pg. 2). Two Guys surmises that Will Transport styled its "baseless legal conclusions" as a counterclaim so Two Guys would have to incur the expense of filing a responsive pleading. *Id*. Although the court ultimately reaches the same outcome envisioned by the motion, it does so for slightly different reasons.

In its response, Will Transport contends that Two Guys contracted with Bayou to arrange for the transportation of the subject cargo at a fixed price. Bayou, in turn, contracted with Will Transport to physically transport the cargo. Will Transport alleges that its relationship with Bayou was governed by a Contract Carrier Agreement, executed by the parties on January 26, 2010. *See* Contract Carrier Agreement (the "Agreement"), Opp. Memo., Exh. A. The Agreement obliged Will Transport to maintain insurance for the cargo in the amount of $50,000. (Agreement, ¶ 2). The Agreement further specified that "[t]he amount of cargo insurance required may be increased by the notification to meet the added valuation of specific shipments." *Id*. To the extent that the Agreement does not explicitly require the shipper to disclose high value cargo, Will Transport suggests that this requirement is a "well established" industry practice that is inherent in the Agreement. (Opp. Memo., pgs. 4-6).

In its opposition, Will Transport asserts that "[i]t is unclear that there is a contractual

5

relationship between [Two Guys] and [Will Transport]." (Opp. Memo., pgs. 4-5). Accordingly, it theorizes that Two Guys must proceed against Will Transport as a third-party beneficiary under the Agreement between Will Transport and Bayou. *Id*. As a result, Will Transport argues that it is permitted to raise any *defenses* against Two Guys that it may assert against Bayou under the Agreement. *Id*. (citing La. Civ. Code Art. 1982). In addition, Will Transport contends that it may recover against Two Guys, in tort, for the latter's breach of duty to identify high value cargo.

The foregoing arguments, however, overlook that the Carmack Amendment provides "the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir.2003). The Carmack Amendment takes cases that ordinarily raise state law issues of breach of contact and contract interpretation and subjects them to federal statutory and regulatory interpretation. *See Rohner Gehrig Co., Inc. v. Tri-State Motor Transit*, 950 F.2d 1079, 1083 (5th Cir. 1992) (en banc). Indeed, when passed in 1906, the Carmack Amendment to the Interstate Commerce Act rendered carriers liable for "actual loss, damage, or injury . . . caused by them to property they transport . . ." *Missouri Pac. R. Co. v. Elmore and Stahl*, 377 U.S. 134, 137-138, 84 S.Ct. 1142, 1144-1145 (1964) (citations and internal quotation marks omitted). The statute also voided any "rule, regulation, or other limitation of any character whatsoever purporting to limit this liability." *Id*. The Carmack Amendment expresses a public policy against limitation of liability by carriers. *See Rohner Gehrig Co., Inc., supra*.

In 1916, Congress modified the Carmack Amendment to authorize an exception to the general rule that imposes liability upon the carrier. *KLLM, Inc. v. Watson Parma, Inc.*, 634 F. Supp.2d 699 (S.D. Miss. 2009) (citation omitted). The exception currently provides that

> a carrier . . . may . . . establish rates for the transportation of property . . . under which the liability of the carrier for such property is limited to a value established

6

>by written or electronic declaration of the shipper or by written agreement
>between the carrier and shipper if that value would be reasonable under the
>circumstances surrounding the transportation.

49 U.S.C. § 14706(c)(1)(A).

This exception, however, must be construed narrowly. *Rohner Gehrig Co., Inc., supra*. To meet the requirements for this limited exception, a carrier must establish that it

>(1) maintains a tariff within the prescribed guidelines of the Interstate Commerce Commission (now the Surface Transportation Board);
>
>(2) obtains the shipper's agreement as to [its] choice of liability;
>
>(3) gives the shipper a reasonable opportunity to choose between two or more levels of liability; and
>
>(4) issues a receipt or bill of lading prior to moving the shipment.

*Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1011 (5th Cir. 2010) (citation omitted).

Only by following the foregoing rules may a carrier limit its liability. *See Rohner Gehrig Co., Inc., supra*. Moreover, this limitation of liability constitutes an *affirmative defense*. *Nipponkoa Ins. Co., Ltd. v. Port Terminal R.R. Ass'n*, 2011 WL 1103584, *4 (S.D. Tex. March 23, 2011) (citation omitted).

In its counterclaim, Will Transport does not purport to meet the sole limited exception to carrier liability. Instead, it explains, in its opposition memorandum, that its counterclaim asserts state law claims for negligence and breach of contract against Two Guys, a presumptive third-party beneficiary under the Agreement between Will Transport and Bayou. Will Transport, however, cites no authority for these claims in the context of federally mandated carrier liability for lost or damaged shipments pursuant to the Carmack Amendment. *See Malone v. Mayflower Transit, Inc.*, 819 F. Supp. 724, 725 (E.D. Tenn. 1993) (court rejected request by carrier for jury charge on comparative negligence, observing that this state common law defense is preempted by

the Carmack Amendment).² To paraphrase the Supreme Court's response to a carrier's attempt to escape liability by invocation of a state law rule absolving a carrier of liability, – this court remains unaware of any such rule (or claim) under federal law. *Missouri Pac. R. Co., supra*.

### Conclusion

The undersigned finds that defendant's counterclaim, even as supplemented by its opposition memorandum, fails to state cognizable or plausible claims for relief. Fed.R.Civ.P. 8(a). Accordingly, dismissal is required. *See Neitzke, supra*; Fed.R.Civ.P. 12(b)(6).

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss counterclaim for failure to state a claim upon which relief can be granted [doc. # 9] filed by defendant-in-counterclaim, Two Guys Recycling, LLC, be **GRANTED**, and that the counterclaim be **DISMISSED, WITH PREJUDICE**. Fed.R.Civ.P. 12(b)(6).

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 5th day of May 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

² "[E]ven when the shipper and carrier have contracted for specific rates and conditions, . . . the Carmack Amendment still **preempts all state and common law claims for breach of contract and negligence** for goods damaged or lost by carriers." *Gulf Rice Arkansas, LLC v. Union Pacific Railroad Co.*, 376 F. Supp. 2d 715, 719-722 (S.D. Tex. March 24, 2005) (citations omitted) (emphasis added).