RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/12/11

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| TWO GUYS RECYCLING, LLC | CIVIL ACTION NO. 11-0048 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WILL TRANSPORT, INC. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Plaintiff Two Guys Recycling, LLC's ("Two Guys") "Motion to Dismiss 'Counterclaim' Pursuant to Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted." [Doc. No. 9]. On April 6, 2011, Defendant and Counterclaimant Will Transport, Inc. ("Will Transport") filed a Response. [Doc. No. 17]. On April 14, 2011, Two Guys filed a Reply. [Doc. No. 22]. For the following reasons, Two Guys' motion is GRANTED, and Will Transport's Counterclaim [Doc. No. 5] is DISMISSED WITH PREJUDICE.

## I.  BACKGROUND

In this case, Two Guys, a shipper, filed suit against Will Transport, a carrier, under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Two Guys alleged that Will Transport was responsible for Two Guys' missing cargo that Will Transport was charged with transporting in interstate commerce. In turn, Will Transport filed a Counterclaim against Two Guys, maintaining that Two Guys was responsible for any missing cargo due to Two Guys' breach of contract and, possibly, Two Guys' negligence.[1]

---

[1] Will Transport's Counterclaim does not clearly indicate the causes of action it is pursuing against Two Guys. At most, however, it appears that Will Transport has two theories of recovery: breach of contract and negligence.

On May 6, 2011, the Magistrate Judge filed a Report and Recommendation, which recommended that Two Guys' motion be granted and Will Transport's Counterclaim be dismissed. [Doc. No. 23]. On May 20, 2011, Will Transport filed objections to the Report and Recommendation. [Doc. No. 24]. On May 23, 2011, Two Guys responded to Will Transport's objections. [Doc. No. 25].

The Court agrees with and ADOPTS the Magistrate Judge's statement of facts, as well as her legal analysis and finding that the Court has subject-matter jurisdiction over this action. The Court further ADOPTS the Magistrate Judge's finding that Will Transport's Counterclaim should be dismissed and her legal analysis concluding that a carrier's liability can only be limited through contract under the narrow circumstances expressed in *Tran Enterprises, LLC v. DHL Express (USA), Inc.*, 627 F.3d 1004, 1011 (5th Cir. 2010). However, the Court issues this Ruling to expand upon how a carrier can otherwise defend itself from liability under the Carmack Amendment.

## II. ANALYSIS

### A. Standard of Review

In order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a claimant's pleadings must be facially plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the [claimant]." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "The court's task is to determine whether the [claimant] has stated a legally cognizable claim that is plausible, not to evaluate the [claimant's] likelihood of success." *Id.* (citing *Iqbal*, 129 S. Ct. at

1949). "Motions to dismiss for failure to state a claim are appropriate when a [movant] attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When the claimant fails to allege a required element of a claim, the claimant fails to state a claim upon which relief can be granted. *See Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill*, 561 F.3d 377, 384-85 (5th Cir. 2009).

### B. Will Transport's Counterclaim

In its Counterclaim, Will Transport brings a state law cause of action for breach of contract against Two Guys. Will Transport also potentially brings a state law cause of action for negligence against Two Guys.

The Court finds that Will Transport's Counterclaim fails to state claims upon which relief can be granted because it does not allege damages, a required element of both causes of action. *See Favrot v. Favrot*, No. 2010-CA-0986, 2011 WL 458708, at *7 (La. App. 4 Cir. Feb. 9, 2011) (breach of contract must have caused claimant damages); *Bergeron v. Argonaut Great Cent. Ins. Co.*, No. 2010-CA-0842, 2011 WL 1087762, at *7 (La. App. 1 Cir. Mar. 25, 2011) (negligence must have caused claimant actual damages). Rather, Will Transport argues that, in the event it is found liable to Two Guys, it is entitled to "off-set any liability or damage" [Doc. No. 5, p. 5, ¶ 28] because of Two Guys' actions, which is insufficient to maintain a counterclaim.

In this case, Two Guys sued Will Transport under the Carmack Amendment. Once Two Guys makes out a *prima facie* case against Will Transport, there is a presumption that Will Transport is liable for Two Guys' damages. However, this presumption of liability is subject to certain exceptions, which either limit or eliminate a carrier's liability. As explained by the Fifth Circuit,

The Carmack Amendment to the Interstate Commerce Act provides that "[a] carrier

3

> . . . [is] liable . . . for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported . . . ." 49 U.S.C. § 14706(a)(1). To recover, a shipper must establish a prima facie case of negligence by demonstrating: (1) delivery of the goods in good condition; (2) receipt by the consignee of less goods or damaged goods; and (3) the amount of damages. If the shipper establishes a prima facie case, there is a rebuttable presumption of negligence. The carrier can overcome this presumption by showing that it was free from negligence *and* that the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority. *Mo. Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964).

*Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 479 (5th Cir. 2006) (some internal citations omitted). Additionally, as the Magistrate Judge explained in her Report and Recommendation,[2] carriers may limit their liability through contract, as long as the contract meets certain narrow requirements. *See Tran Enterprises, LLC v. DHL Express (USA), Inc.*, 627 F.3d 1004, 1011 (5th Cir. 2010).

However, these exceptions to liability under the Carmack Amendment are defenses, not causes of action in their own right. Therefore, Two Guys' motion is GRANTED, and Will Transport's Counterclaim is DISMISSED WITH PREJUDICE. In light of the Court's finding that Will Transport's allegations are not properly brought as counterclaims, the Court grants Will Transport leave to amend its Answer to include any defenses that mitigate or eliminate its liability in this case.

### III. CONCLUSION

Based on the foregoing analysis and the Report and Recommendation of the Magistrate Judge, to the extent adopted by the Court, Two Guys' "Motion to Dismiss 'Counterclaim' Pursuant to Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted" [Doc. No. 9] is

---

[2] *See* Report and Recommendation [Doc. No. 23, pp. 6-7].

GRANTED, and Will Transport's Counterclaim [Doc. No. 5] is DISMISSED WITH PREJUDICE. The Court grants Will Transport leave to amend its Answer to include any defenses that mitigate or eliminate its liability in this case.

MONROE, LOUISIANA, this 12 day of July, 2011.

                                            ROBERT G. JAMES
                                     UNITED STATES DISTRICT JUDGE