# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **TWO GUYS RECYCLING, LLC** | * | **CIVIL ACTION NO.  11-0048** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WILL TRANSPORT, INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the court is a motion to compel discovery responses and for reasonable expenses and attorney's fees  [doc. # 27] filed by plaintiff, Two Guys Recycling, LLC.  ("Two Guys"). The motion is opposed.  For reasons explained below, the motion to compel [doc. # 27] is **GRANTED**.[1]

## Background

On January 17, 2011, Two Guys filed the instant complaint against defendant Will Transport, Inc. ("Will Transport") pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.  Plaintiff alleges that on January 15, 2010, it delivered 13 skids/boxes of automotive parts to Will Transport for delivery to American Catcon, Inc. in Buda, Texas, and received a bill of lading in return.  (Compl., ¶¶ 5-6).  When the cargo arrived at Buda, Texas, however, the total weight of the parts was 2,021 pounds less than when it left Dothan, Alabama.  *Id*., ¶ 8.  The market value of the shortage was calculated at $10 per pound.  *Id*., ¶ 9.

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

Following an investigation, the authorities arrested and charged Will Transport's truck driver with theft of some of the parts in the shipment. *See* Compl., ¶ 11. Ultimately, 567 pounds of the missing cargo was recovered, leaving a net shortage of 1,454 pounds, valued at $14,540. *Id*., ¶¶ 12-13. Despite amicable demand, Will Transport declined to compensate Two Guys for the shortage. *Id*., ¶¶ 14-15. Accordingly, Two Guys filed the instant suit against Will Transport seeking judgment for their loss, plus interest, costs, and disbursements. *Id*., Prayer.

On or about May 20, 2011, counsel for Two Guys served Interrogatories, Requests for Production, and Requests for Admission upon defendant, Will Transport. Thus, the discovery responses were due on or about June 19, 2011. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A), and 36(a)(3). On June 13, 2011, however, counsel for Will Transport, Paul Hurd, contacted counsel for plaintiff, Carter Mills, and successfully obtained an extension of time until June 27, 2011, to respond to discovery. *See* June 13, 2011, E-Mail correspondence between Paul Hurd and Carter Mills; M/Compel, Exh. 4; Fed.R.Civ.P. 29(b). Despite the extension of time, Mr. Hurd did not file his responses by June 27. Accordingly, on July 1, 2011, plaintiff's counsel convened a telephone conference with opposing counsel, pursuant to Rule 37(a)(1) and Local Rule 37.1W, to discuss the still outstanding discovery. During the conference, Mr. Hurd assured Mr. Mills that he would respond to the discovery requests by Friday, July 8, 2011. (Reply, Memo., pgs. 2-3). Despite these assurances, however, the discovery responses were not produced by July 8.

In his response to the instant motion, defense counsel explains that although he prepared the discovery responses and responsive documents by July 8, 2011, he did not transmit them to opposing counsel because he needed one more day to permit his client to review the proposed responses. (Opp. Memo.). Defense counsel, however, did not serve the discovery responses to opposing counsel during business hours on Monday, July 11, 2011. Accordingly, at 9:51 p.m., on July 11, 2011, Two Guys filed the instant motion to compel discovery responses. The very

2

next day, Mr. Hurd provided Mr. Mills with his client's responses to the outstanding discovery requests.  He even filed a copy in the instant record.  *See* doc. # 29

On July 26, 2011, Will Transport filed its opposition to the pending motion to compel.  It argued that plaintiff prematurely filed the instant motion because counsel for movant should have re-contacted defense counsel before filing the motion.  Had Mr. Mills done so, then Mr. Hurd would have advised him that he intended to answer the outstanding discovery by July 12, 2011. In other words, despite having ignored two prior deadlines to respond to discovery, and after Mr. Mills had called Mr. Hurd once before to discuss his client's failure to comply with the previous deadline (as extended), defendant contends that the federal rules required Mr. Mills to initiate another conversation with Mr. Hurd to inquire into Mr. Hurd's failure to meet the latest deadline, at which point, Mr. Hurd would have divulged his intention to provide the discovery responses by yet a new date, unilaterally selected by him.

On August 3, 2011, movant filed its reply memorandum, wherein it recited the chronology of the instant discovery dispute and contemporaneous proceedings in a related state court action between overlapping parties and counsel.  Two Guys also faulted the sufficiency of Will Transport's discovery responses, specifically, Requests for Production Nos. 2, 4-6, 11, 16-21 and Requests for Admission Nos. 1-2 and 4-8.[2]  Will Transport did not respond to the new arguments raised in movant's reply brief.  The matter is now before the court.

## Analysis

---

[2]  Two Guys' discovery did not include a request for admission no. 3.

## I.      Requests for Production of Documents

1)      <u>Law</u>

Under Rule 34, "a party may serve on any other party a request within the scope of Rule

26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the

"party's possession, custody, or control . . ."  Fed.R.Civ.P. 34(a)(1).  Under Rule 26(b),

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense – including the existence, description, nature,
> custody, condition, and location of any documents. . .  Relevant information need
> not be admissible at the trial if the discovery appears reasonably calculated to lead
> to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).[3]

The courts understand the rule to provide for broad and liberal discovery.  *See Schlagenhauf v.*

*Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385

(1947).w

Rule 34's definition of "possession, custody, or control," includes more than actual

possession or control of the materials; it also contemplates a party's "legal right or practical

ability to obtain the materials from a nonparty to the action."  *White v. State Farm Mut. Auto. Ins.*

*Co.*, 2011 WL 3423388 (M.D. La. Aug. 4, 2011 (citations omitted).  A party must "make a

reasonable search of all sources reasonably likely to contain responsive documents."  *Id*.  A party

also is "charged with knowledge of what its agents know or what is in records available to it."

*Autery v. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. Aug. 4, 2011) (citation

---

[3] In addition,
a party must, without awaiting a discovery request, provide to other parties . . . a
copy – or a description by category and location – of all documents, electronically
stored information, and tangible things that the disclosing party has in its
possession, custody, or control and may use to support its claims or defenses,
unless the use would be solely for impeachment . . .
Fed.R.Civ.P. 26(a)(1)(A)(ii).

omitted).

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents for inspection.  *See* Fed.R.Civ.P. 37(a)(3)(B).  An evasive or incomplete response is treated as a failure to respond.  Fed.R.Civ.P. 37(a)(4).  Furthermore, the court "may, on motion, order sanctions if . . . a party after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response."  Fed.R.Civ.P. 37(d)(A).

    2)    <u>Discussion</u>

As an initial matter, the court rejects Will Transport's argument that counsel for movant was obliged to contact opposing counsel a second time before filing the instant motion to compel.  Counsel for movant conducted one Rule 37 conference, wherein opposing counsel represented that he would respond to the outstanding discovery by July 8.  Will Transport has not provided any authority to support its argument that counsel for Two Guys was required to initiate a second Rule 37 conference after Will Transport missed, without explanation, the latest discovery response deadline that counsel for movant acceded to during the first conference.  Indeed, if this were the rule, then the Rule 37 conference requirement would be turned on its head – penalizing the party seeking discovery for accommodating a dilatory party's request for extension of time.

As recounted above, Will Transport responded to Two Guys' discovery requests the day after Two Guys filed the instant motion to compel.  Will Transport did not object to any of the discovery requests.  Nonetheless, the discovery responses did not completely placate Two Guys.  Movant challenges the sufficiency of Will Transport's responses to the following requests for production ("RPD"),

**RPD No. 2:**     Two Guys asked Will Transport to produce all documents and electronically stored information, including letters, e-mails, reports, etc., that describe the cargo shipment and loss that form the basis of the lawsuit.

                      Will Transport replied that it attached copies of all documents requested as Production No. 1, essentially, in globo.

Two Guys contends that of the 69 pages that comprise Will Transport's Production No. 1, there are no letters, e-mails, or memoranda that reference the cargo loss and claim.  Moreover, the driver logs are not included, and the production does not include records pertaining to payment of the driver for the subject cargo.

The court agrees.  Will Transport shall supplement its responses to include the missing documents, or otherwise reaffirm that, after reasonable inquiry, it is not aware of any responsive documents..

**RPD No. 4:**     Two Guys requested copies of Will Transport's insurance policies that were in effect in January 2010, including cargo liability policies, contractual liability policies and comprehensive general liability (CGL) insurance policies.

                      Will Transport replied that it produced a copy of the Cargo Liability policy and the Comprehensive General Liability policy as Production No. 1.

Two Guys argues that although Will Transport produced what appears to be the Motor Truck Cargo Liability Policy and certificate of insurance, it did not produce the contractual liability and CGL insurance polices.

The court agrees.  Will Transport shall supplement its responses to include the missing documents, or otherwise confirm that, after reasonable inquiry, there are no other insurance policies responsive to the request.

**RPD No. 5:**     Two Guys requested all documents and electronically stored information pertaining to the driver(s) that Will Transport employed to effect the cargo transport at issue in this case, including the file of John Eric Robinson.

> Will Transport replied that the driver of the subject cargo was an
> independent contractor, but nonetheless, attached a copy of the
> driver's file for John Eric Robinson, as it relates to his actions that
> prompted the instant suit.  However, Will Transport declined to
> produce certain personal and confidential information concerning
> John Eric Robinson.

Two Guys agues that despite Will Transport's written response, it failed to produce any driver records pertaining to John Eric Robinson.  Two Guys further contends that they are entitled to receive all records possessed by Will Transport that pertain to John Eric Robinson.

The court agrees.  Will Transport shall supplement its response to include not only the missing documents, but also all records pertaining to John Eric Robinson.  Will Transport has not demonstrated why the requested documents are confidential, nor has it produced a privilege log.  If the requested information was confidential, Will Transport could have sought a confidentiality agreement.

**RPD No. 6:**    Two Guys requested all documents and electronically stored information regarding the cargo transport involved in this lawsuit, including all records, bills of lading, rate schedules, tariffs, contracts, rate confirmations, invoices, payments, records of payments, account records, cargo manifests, weight tickets, scale tickets, and driver log book pages completed between January 12, 2010 and January 19, 2010, by the driver(s) of the truck(s) that performed the carriage.

Will Transport referred Two Guys to its Production No. 1.

Two Guys emphasizes that Will Transport's Production No. 1 failed to "include any records of payments, account records, weight or scale tickets at truck stops in Alabama, Mississippi, Louisiana and Texas during the transport (which may show the shortage), or any of the pages from the driver log book during the dates of the carriage."

The court agrees.  Will Transport shall supplement its response to include the missing

documents, or otherwise confirm that, after reasonable inquiry, it is not aware of any responsive

documents.

**RPD No. 11:**   This request seeks a copy of the "contract by and between Bayou State
Transpiration Co., LLC" [sic] and Will Transport, as identified in Paragraph 8 of
the Answer.

Will Transport referred Two Guys to its Production No. 1,
specifically, the "Contract Carrier Agreement" dated January 26,
2010, and its predecessor.

Two Guys argues that the "predecessor" contract is not attached.

The court agrees.  Will Transport shall supplement its response to include the missing

predecessor agreement.


**RPD No. 16:**   This request seeks all documents and electronically stored information pertaining
to all claims and communications made by or on behalf of Will Transport to or
from any insurer, insurance adjustor, or insurance agent in reference to the subject
cargo loss.

Will Transport directed Two Guys to its attached Production No. 1,
including the General (Commercial) Claim Form provided by Two
Guys.

Two Guys points out that Will Transport's Production No. 1 does not appear to contain

the specified form.  Movant further argues that if Will Transport never provided any notice or

claim to its insurers or received any communication from them, it should so admit.

The court agrees.  Will Transport shall supplement its response to include the omitted

documents, or otherwise confirm that, after reasonable inquiry, it is not aware of any responsive

documents.

**RPD No. 17:**   This request seeks all documents, electronically stored information,
and things that support Will Transport's assertion that "applicable
standards and practices in the overland cargo transportation
industry require the identification of high-value cargo."

Will Transport referred Two Guys to its Production No. 1, and explained that additional information from trucking experts will be produced at trial.

Two Guys argues that none of the documents included in Production No. 1 appear responsive to this request for production.

The court agrees.  Will Transport shall supplement its response to specify responsive documents, or otherwise confirm that, after reasonable inquiry, it is not aware of any responsive documents.

**RPD No. 18:**    Two Guys asked Will Transport to produce all documents, electronically stored information, and things to support its assertion that there is a "$100,000 industry threshold for high value cargo."

Will Transport referred Two Guys to its Production No. 1, and explained that additional information from trucking experts will be produced at trial.

Two Guys again argues that none of the documents included in Will Transport's Production No. 1 appear responsive to this request.

The court agrees.  Will Transport shall supplement its response to include all documents specifically responsive to the request, or otherwise confirm that, after reasonable inquiry, it is not aware of any responsive documents.

**RPD No. 19:**    This request seeks all documents, electronically stored information and things to support Will Transport's assertion that there is a standard of conduct "in the overland transportation industry that requires that trucking companies maintain cargo coverage in an amount of at least $100,000."

Will Transport's response was the same as its response to requests for production numbers 17 and 18.

Two Guys again argues that none of the documents included in Will Transport's Production No. 1 appear responsive to this request.

The court agrees.  Will Transport shall supplement its response to include all documents specifically responsive to the request, or otherwise confirm that, after reasonable inquiry, it is not aware of any responsive documents.

**RPD No. 20:**  This request seeks production of all documents, electronically stored information, and things to support Will Transport's assertion that there is a standard of conduct in the trucking industry "that when the value of cargo exceeds $100,000 . . ., the Shipper or Contract Carrier is obligated to declare the value to any Sub-Contract Carrier."

Will Transport's response was the same as its response to requests for production numbers 17, 18, and 19.

Two Guys again argues that none of the documents included in Will Transport's Production No. 1 appear responsive to this request.

The court agrees.  Will Transport shall supplement its response by producing, and specifically identifying, all documents that are responsive to the request, or otherwise confirm that, after reasonable inquiry, it is not aware of any responsive documents.

**RPD No. 21:**  Two Guys requested production of all pages of every contract that Will Transport contends applies to the subject cargo shipment.

Will Transport cryptically replied, "[o]ther documentation, requests for services, and specifications apply to individual requests for the transportation of cargo, which would apply to other transfers and establish the standards."

Two Guys contends that Will Transport's response is nonsensical.

The court agrees.  Will Transport shall supplement its response by specifically identifying and producing all documents that are responsive to the request, or otherwise confirm that, after reasonable inquiry, it is not aware of any responsive documents.

**II.     Requests for Admission**

1)     <u>Law</u>

Pursuant to Federal Rule of Civil Procedure 36, a party may

serve on any other party a written request to admit, for purposes of the pending
action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

> (A) facts, the application of law to fact, or opinions about either; and

> (B) the genuineness of any described documents.

Fed.R.Civ.P. 36(a)(1).

Rule 36 permits litigants to request admissions regarding a broad range of matters, including

ultimate facts and applications of law to fact.  *In re Carney*,  258 F.3d 415, 419 (5th Cir. 2001)

(citations omitted).  This discovery device permits the parties to reduce the issues for trial, and to

focus their attention on disputed matters.  *Id*.  Rule 36 further provides specific instructions for

answering a request for admission:

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail
> why the answering party cannot truthfully admit or deny it.  A denial must fairly
> respond to the substance of the matter; and when good faith requires that a party
> qualify an answer or deny only a part of a matter, the answer must specify the part
> admitted and qualify or deny the rest. The answering party may assert lack of
> knowledge or information as a reason for failing to admit or deny only if the party
> states that it has made reasonable inquiry and that the information it knows or can
> readily obtain is insufficient to enable it to admit or deny.

Fed.R.Civ.P. 36(a)(4).

A reasonable inquiry includes an investigation and inquiry of employees, agents, and others who

conceivably and realistically may have information which would enable the respondent to

fashion the appropriate response.  *Concerned Citizens of Belle Haven v. Belle Haven Club,*  223

F.R.D. 39, 44 (D. Conn. 2004) (citing, *Henry v. Champlain Enters.*, 212 F.R.D. 73, 78

(N.D.N.Y.2003)).

Rule 36 authorizes the requesting party to determine the sufficiency of an answer or

objection.  Fed.R.Civ.P. 36(a)(6).  Moreover, "[u]nless the court finds an objection justified, it

must order that an answer be served.  On finding that an answer does not comply with this rule,

the court may order either that the matter is admitted or that an amended answer be served." *Id*.

2)   <u>Discussion</u>

Two Guys served Will Transport with seven requests for admission.[4]  In its reply memorandum, Two Guys asked the court to deem admitted Requests for Admission ("RFA") Nos. 1-2 and 4-8 because Will Transport failed to timely respond.  The court is not inclined to deem the requests admitted merely because they were untimely.  Rather, the court will consider the sufficiency of the response to each request.

**RFA No. 1:**   Two Guys asked Will Transport to admit that the subject cargo was transported pursuant to the Rate Confirmation attached as Exhibit 1.

Will Transport denied the request, as written.  Although Will Transport conceded that Exhibit 1 "appear[ed] generally to be a copy of a Rate Confirmation sheet that was issued by Bayou State Brokerage, LLC that was performed by Will Transport, LLC . . .," it added that "comparison of Exhibit 1 and the original Rate Confirmation will confirm if this copy is accurate."

Will Transport's response is insufficient.  "Reasonable inquiry" compels Will Transport to compare Exhibit 1 with the original Rate Confirmation to determine whether it has a good faith basis to dispute the authenticity of the document.  Will Transport's response indicates that it declined to make the requisite comparison.  Accordingly, Will Transport shall submit an amended answer that fully complies with Rule 36(a)(4).

**RFA No. 2**:   Two Guys asked Will Transport to admit that the attached bill of lading was signed by John E. Robinson in Dothan, Alabama on January 15, 2010, and was issued on behalf of Will Transport, Inc.

Will Transport denied the request, as written.  It then conceded that the attached exhibit appeared to be the Bill of Lading issued on behalf of Will Transport, Inc. by John E. Robinson, but that comparison of the exhibit with the original Bill of Lading will

---

[4]  It skipped request number 3.

confirm if the copy is accurate.

Will Transport's response is insufficient.  "Reasonable inquiry" compels Will Transport to compare the attached exhibit with the original Bill of Lading to determine whether it has a good faith basis to dispute the authenticity of the document.  Will Transport's response indicates that it declined to make the requisite comparison.  Accordingly, Will Transport shall submit an amended answer that fully complies with Rule 36(a)(4).

**RFA No. 4:**    Two Guys asked Will Transport to admit that its attorney sent the attached letter dated March 4, 2010.

Will Transport declined to admit this request on the basis of attorney-client privilege.

Will Transport's response lacks merit.  Under federal law, a party may invoke the attorney-client privilege when there is "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *Dufrene v. Harbor Towing and Fleeting, Inc.*, 2010 WL 4669148 (E.D. La. Nov. 3, 2010) (citation omitted).  Moreover, if a communication is relayed to a third party, it loses its confidentiality, and is not subject to the privilege. *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999) (citation omitted).

By all indications, the subject letter was transmitted to counsel for another party; thus, the attorney-client privilege is inapplicable.  In the absence of any other objection, this request is deemed admitted.  Fed.R.Civ.P. 36(a)(6).

**RFA No. 5:**    Two Guys asked Will Transport to admit that its attorney sent the attached letter dated March 8, 2010.

Will Transport declined to admit this request on the basis of attorney-client privilege.

For the same reasons associated with Request for Admission No. 4, the court deems this

13

request admitted.  Fed.R.Civ.P. 36(a)(6).

**RFA No. 6:**    Two Guys asked Will Transport to admit the authenticity of a
weight ticket.

          Will Transport denied the request, as written, but then conceded
that the attached exhibit appeared to be the weight ticket that its
driver obtained when it arrived in Dothan, Alabama.

Will Transport's response is insufficient.  "Reasonable inquiry" compels Will Transport

to compare the attached exhibit with its own records.  Will Transport's denial of the request is

inconsistent with the remainder of its response.  It does not provide any good faith basis for

disputing the authenticity of the document.  Accordingly, Will Transport shall submit an

amended answer that fully complies with Rule 36(a)(4).

**RFA No. 7:**    Two Guys asked Will Transport to admit the authenticity of the
"Contract Carrier Agreement," which it indicated was the same as
document No. 17.1 filed by Will Transport into the instant court
record.

          Will Transport denied the request, as written.  It then conceded that
the attached exhibit appeared to be a copy of the document that it
had produced, but that comparison of the two documents would
confirm whether they are the same.

Will Transport's response is insufficient.  "Reasonable inquiry" compels Will Transport

to compare the two documents to determine whether it has a good faith basis to dispute whether

they are the same.  Will Transport's response indicates that it declined to make the requisite

comparison.  Accordingly, Will Transport shall submit an amended answer that fully complies

with Rule 36(a)(4).

**RFA No. 8:**    This request asks Will Transport to admit that its representative
who signed the attached "Contract Carrier Agreement:" intended it
to apply to the cargo shipment at issue in this suit.

          Will Transport denied the request, as written, but then conceded
that it applied "when the subject matter arose."  Will Transport

14

added that other unspecified "agreements and terms" applied, as well.

Will Transport's response is not well-taken.  Will Transport denied the request, as written, but then admitted that it applied to the cargo shipment at issue.  Accordingly, the court deems this request admitted.  Fed.R.Civ.P. 36(a)(6).

## III.   Request for Attorney's Fees

Under Rules 36 and 37, the court is authorized to award expenses and attorney's fees to the prevailing party on a motion to compel.  Fed.R.Civ.P. 36(a)(6) and 37(a)(5).  The rule provides exceptions for non-disclosures and responses that were substantially justified or circumstances that make an award unjust.  Here, however, the court finds no substantial justification for Will Transport's untimely and deficient discovery responses.  Not only were the responses dilatory, the document production proved inadequate and incomplete.  Moreover, Will Transport's grounds for declining to admit any of the requests for admission were unsupported and generally baseless.  Under the circumstances, the court finds that an award of $500 is appropriate to ameliorate the reasonable expenses and fees incurred by Two Guys in prosecuting the instant motion.[5]

## Conclusion

For the reasons set forth above, the motion to compel discovery responses and for reasonable expenses and attorney's fees  [doc. # 27] filed by plaintiff Two Guys Recycling, LLC is hereby **GRANTED**.

**IT IS ORDERED** that, within the next seven (7) days of the date of this order, defendant

---

[5]  Counsel for Two Guys represented that he spent eight hours on the instant motion, and that he charges an hourly rate of $175.

Will Transport, Inc. shall supplement its responses to Two Guys' requests for production of documents and requests for admissions, as detailed herein.

      **IT IS FURTHER ORDERED** that Will Transport, Inc. shall remit the sum of $500 to Two Guys Recycling, LLC, via counsel, within 14 days of the date of this order, and file proof of said payment in the record of these proceedings within 7 days thereafter.

      THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 28th day of September 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

16